UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT A. MANN and
LAURINDA M. HOLM,

       Plaintiffs,

v.                          **MEMORANDUM OF LAW & ORDER**
                            Civil File No. 14-99 (MJD/HB)

NATIONSTAR MORTGAGE, LLC,

       Defendant.

Caitlin Guilford and Jonathan L. R. Drewes, Drewes Law, PLLC, Counsel for Plaintiffs.

Andrew Peters and Jared D. Kemper, Dykema Gossett, PLLC, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. [Docket No. 28] The Court heard oral argument on Friday, March 13, 2014.

## II.    BACKGROUND

### A.    Factual Background

1

Plaintiffs Robert Mann and Laurinda Holm (collectively "Plaintiffs") reside at 3438 39th Avenue South, Minneapolis, MN 55406 ("the Property"). ([Docket No. 30] Mann Aff. ¶ 2.) On July 14, 2005, Plaintiffs delivered to State Bank of Long Lake a promissory note secured by a mortgage on the Property ("the Mortgage Loan"). ([Docket No. 32] Guilford Decl., Ex A, Sheriff's Certificate of Sale p. A-3; [Docket No. 1-1] Compl., Ex. A, Notice of Mortgage Foreclosure Sale.) The principal amount of the Mortgage Loan was $233,900.00. (Compl., Ex. A, p. 2.)

State Bank of Long Lake then assigned the Mortgage Loan to Bank of America, and Bank of America assigned the Mortgage Loan to Defendant Nationstar Mortgage LLC ("Defendant"). (Guilford Decl., Ex A, p. A-3.)

Around mid-2011, Plaintiffs became delinquent on their Mortgage Loan payments. ([Docket No. 36] Kemper Decl., Ex. 2, Plaintiffs' Correspondence with Habitat for Humanity ("HH").) In December 2011, Plaintiffs contacted HH to inquire about a loan modification. (Id.) However, after Plaintiffs failed to follow-up with HH over several months, HH closed its file on Plaintiffs. (Id.)

On April 16, 2013, Defendant executed a Notice of Pendency on the Property. (Compl., Ex. C.) As of April 23, 2013, Plaintiffs owed $214,156.93 on their Mortgage Loan. (Compl., Ex. A, p. 16.)

On April 23, 2013, Defendant mailed to Plaintiffs a Notice of Mortgage Foreclosure Sale ("Notice of Sale"). (Compl., Ex. A.) The Notice of Sale advised Plaintiffs that they were in default on their Mortgage Loan and that a sheriff's sale was scheduled for June 14, 2013. (Id.) Plaintiffs postponed the June 14, 2013 sheriff's sale by exercising their rights under Minn. Stat. § 580.07, which allows a mortgagor to postpone a sheriff's sale for five months in exchange for a shortened redemption period. (Kemper Decl., Ex. 1.)

On October 31, 2013, Plaintiffs submitted a loan modification application (hereinafter "Loan Modification Application") to Defendant through HH. (Id., Ex. 2; Guilford Decl., Ex. B, p. B-5.) Defendant accepted Plaintiffs' Loan Modification Application. (Guilford Decl., Exs. B-5, B-6 (indicating that Defendant had accepted Plaintiffs' "initial package" and "core documents")). On November 5, 2013, Defendant requested additional materials from Plaintiffs, namely, Profit and Loss and 1099 forms. (Kemper Decl., Ex. 3.) Plaintiffs submitted the requested materials to Defendant on November 12, 2013. (Id.)

The Defendant sold the Property by sheriff's sale ("the Sheriff's Sale") on November 14, 2013. (Guilford Decl., Ex. A, p. A-3.) Defendant recorded the certificate of sale ("the Sheriff's Certificate") on December 10 , 2013. (Id., Ex. A., Receipt Acknowledging Recording of Sheriff's Certificate.) The Sheriff's Certificate indicated a five-week redemption period. (Id., p. A-3.)

B.     **Procedural Background**

On December 18, 2013, Plaintiffs filed their Complaint against Defendant in Hennepin County District Court. The Complaint alleged Count I, Failure to Strictly Comply With Minn. Stat. §§ 580.02; Count II, Failure to Strictly Comply With Minn. Stat. §§ 580.12; Count III: Violation of Minn. Stat. §§ 582.043, Subd. 6(c); and Count IV: Quiet Title under Minn. Stat. § 559.01. Defendant removed Plaintiffs' lawsuit to this Court on January 9, 2014.

On January 16, 2014, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court referred Defendant's motion to Magistrate Judge Jeanne J. Graham. On March 27, 2014, the Magistrate Judge recommended granting Defendant's Motion to Dismiss Counts I and IV, but recommended denying Defendant's motion as to Counts II and III. In its Order dated May 28, 2014, the Court adopted the Magistrate Judge's Report and Recommendation.

**III.    DISCUSSION**

Plaintiffs argue that they are entitled to summary judgment on the remaining counts. Count II alleges that the Sheriff's Sale of the Property was void for Defendant's failure to the record the Sheriff's Certificate within the time period set forth by Minn. Stat. § 580.12. In Count III, Plaintiffs claim that Defendant failed to comply with Minn. Stat. § 582.043, subd. 6, based on its failure to postpone the Sheriff's Sale despite having timely received Plaintiffs' Loan Modification Application. Plaintiffs seek a declaration finding the Sheriff's Sale void.

**A.    Summary Judgment Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." Amini v. City of

Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).

### B.   Count II:  Failure to Timely Record the Sheriff's Certificate

Minnesota Statutes § 580.12 requires that "[w]hen any sale of real property is made under a power of sale contained in any mortgage, the officer shall make and deliver to the purchaser a certificate . . . containing . . . (1) the description of the mortgage, (2) the description of the property sold, (3) the price paid for each parcel sold, (4) the time and place of sale, and name of purchaser, (5) the interest rate on the date of sale; and (6) [the redemption period]."

In pertinent part, § 580.12 also provides that:

> A certificate which states a five-week redemption period must be recorded within ten days after the sale; any other certificate must be recorded within 20 days after the sale. When so recorded, upon expiration of the time for redemption, the certificate shall operate as a conveyance to the purchaser.

(2013) (emphasis added).  There is no dispute that the Sheriff's Certificate for the Property indicated a five-week redemption period.  Therefore, the statute required Defendant to record the Sheriff's Certificate within ten days of the Sheriff's Sale.

Defendant recorded the Sheriff's Certificate on December 10, 2013, twenty-six days after the November 14, 2013, Sheriff's Sale.  However, Defendant argues

that it would be inequitable for the Court to award relief to Plaintiffs merely because the Sheriff's Certificate was not timely recorded.  Prior to the Court's Order adopting the Magistrate Judge's Report and Recommendation, Defendant operated under the assumption that § 580.12 did not require strict compliance.  Defendant explains that it delayed recording the Sheriff's Certificate in order to allow time to make a determination on Plaintiffs' loan modification application.  Thus, Plaintiffs should be equitably estopped from claiming that Defendant violated § 580.12.

Defendant's argument is unavailing.  The weight of authority suggests that a mortgagor must strictly comply with foreclosure statutes when executing a sheriff's sale.  See Jackson Mortg. Elec. Registration Sys, Inc., 770 N.W.2d 487, 494 (Minn. 2009) ("Because foreclosure by advertisement is a purely statutory creation, the statutes are strictly construed.  We require a foreclosing party to 'show exact compliance' with the terms of the statutes.  If the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void.") (citation omitted); Ruiz v. 1st Fid. Loan Servicing, LLC, 829 N.W.2d 53, 57 (Minn. 2013) (holding that a foreclosure by advertisement is void for failing to strictly comply with § 580.023); Hunter v. Anchor Bank N.A., 842

N.W.2d 10, 15 (Minn. Ct. App. 2013) ("The [Minnesota Supreme Court's] recent opinions on chapter 580 indicate that a failure to strictly comply with <u>any</u> statute in chapter 580 causes a foreclosure to be void.") (emphasis added).

In its May 28, 2014 Order adopting the Magistrate Judge's Report and Recommendation, this Court determined that § 580.12 was intended to benefit mortgagors, and that Plaintiffs are within the class of persons whose interests § 580.12 was enacted to protect. <u>Badrawi v. Wells Fargo Home Mortg., Inc.</u>, 718 F.3d 756, 759 (8th Cir. 2013) (holding that a mortgagor cannot challenge a foreclosure proceeding for lack of strict compliance unless the statute at issue is directed to protect the interests of the mortgagor). Because there is no factual dispute that Defendant did not record the Sheriff's Certificate within ten days as required by § 580.12, the Court grants Plaintiffs' motion on this claim and voids the November 14, 2013 Sheriff's Sale of the Property.

    C.    **Count III: Failure to Postpone the Sheriff's Sale**

Plaintiffs claim that Defendant failed to comply with Minn. Stat. § 582.043, subd. 6(c), (the "Dual Tracking statute") based on its failure to halt the Sheriff's Sale despite having timely received Plaintiffs' Loan Modification Application. The Dual Tracking statute provides:

> (c) <u>If the servicer receives a loss mitigation application after the foreclosure sale has been scheduled, but before midnight of the seventh business day prior to the foreclosure sale date, the servicer must halt the foreclosure sale and evaluate the application</u>. If required to halt the foreclosure sale and evaluate the application, the servicer must not move for an order of foreclosure, seek a foreclosure judgment, or conduct a foreclosure sale unless:
>
>> (1) the servicer determines that the mortgagor is not eligible for a loss mitigation option, the servicer informs the mortgagor of this determination in writing, and the applicable appeal period has expired without an appeal or the appeal has been properly denied;
>>
>> (2) where a written offer is made and a written acceptance is required, the mortgagor fails to accept the loss mitigation offer within the time frame specified in the offer or within 14 days after the date of the offer, whichever is longer; or
>>
>> (3) the mortgagor declines a loss mitigation offer in writing.

(emphasis added). There is no dispute that Plaintiffs' Loan Modification Application is a "loss mitigation application" under 582.043, subd. 6(c).

As Defendant's counsel noted during oral argument, the purpose of the dual tracking statute is to prevent mortgage servicers from having it both ways: a servicer cannot pursue mortgage foreclosure while also considering a borrower's timely submitted loan modification application. The parties do not dispute that Defendant received a timely and incomplete loan modification

9

application from Plaintiffs.  The issue is whether Plaintiffs' incomplete Loan Modification Application triggered Defendant's duty to halt the foreclosure sale under § 582.043, subd. 6(c).  Defendant urges the Court to hold that an incomplete application does not obligate a lender to halt foreclosure proceedings.  If the Court were to hold otherwise, Defendant hypothesizes that borrowers might submit last-minute loan modification applications, bearing only a signature, solely in order to stall foreclosure.

The Court acknowledges that, as written, the statute may invite undesirable scenarios such as the "signature-only" hypothetical above.  However, the facts of the instant case present no such scenario, and the Court need not decide whether a timely but predominantly incomplete application triggers a duty under § 582.043 subd. 6(c).  Having received Plaintiffs' Loan Modification Application more than seven days in advance of the Sheriff's Sale, including "core documents," a plain reading of the statute counsels that Defendant was obligated to halt the sale.  There being no disputed issues of material fact as to Plaintiffs' § 582.043 claim, the Court grants summary judgment on Count III.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Summary Judgment [Docket No. 28] is **GRANTED.**

2. The November 14, 2013 Sheriff's Sale of the Property located at 3438 39th Ave. S, Minneapolis, MN 55406, evidenced by the Sheriff's Certificate recorded December 10, 2013 with the Hennepin County Recorder as document number A10036117, is declared void.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 7, 2015                              s/ Michael J. Davis
                                                 Judge Michael J. Davis
                                                 United States District Court